IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.

JOHN HIGH,

                        Defendant.

OPINION AND ORDER

3:07-cr-00091-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant John High filed a motion for judgment of acquittal following his November 20, 2007 conviction of possession of a gun by a felon. He contended that his conviction was improper for three reasons: the court allowed the government to elicit hearsay testimony; the government elicited "other acts" evidence from a witness; and the evidence was insufficient to support the jury's guilty verdict. In an order entered on December 6, 2008, I denied the motion for acquittal as it related to hearsay testimony and gave the parties an opportunity to brief the two remaining questions. I conclude now that the entire motion should be denied.

1. <u>Other acts evidence</u>

1

Defendant attacks the government's effort to impeach his mother, Arlyce Donahue, with information regarding allegedly false statements he made to law enforcement officers in 2003 constituted "other acts" evidence under Fed. R. Evid. 404(b). When the government seeks to introduce evidence of other bad acts that a defendant has committed, it is required to given notice to defendant before the trial begins. The government does not deny that it failed to give such notice but argues that it never elicited any such evidence or had any intention of doing so.

At trial, defendant called Donahue to testify that he had not been living at her apartment at 6809 Schroeder Road in Madison. This was crucial testimony for defendant because the gun that formed the basis of the indictment had been located in a bedroom in her apartment. On cross examination, the government attempted to impeach Donahue's credibility by asking her about an incident on January 1, 2003, in which she had been stopped by the Shorewood Hills Police Department. At a sidebar requested by defendant, the government said that it was going to ask Donahue whether she had lied to the police about her son's identity. Defendant did not object to the line of questioning. In front of the jury, the government asked Donahue whether she had lied to the police; she denied that she had. The government then asked, "And the officer told you he had identified this man as Gilberto Chavez?" It then started to ask, "But you agree that John High used the name—strike that." Defendant did not object or ask the court to strike the questions from

the record.

Defendant says now that he chose not to object rather than run the risk of emphasizing the error by the government. That may be (as it often is) a wise strategic decision, but it comes at a price. In the absence of an objection, allegedly improper evidence is reviewed only for plain error. United States v. Blount, 503 F.3d 674, 678 (7th Cir. 2007) (reversal for plain error proper only if error is plain; error compromises defendant's substantial rights; and error seriously affects fairness, integrity or public reputation of judicial proceedings) )(citing United States v. Prude, 489 F.3d 873, 880 (7th Cir. 2007)).

The government should never have started to ask Donahue a question about defendant, which tended to suggest that he had lied about his identity during the same traffic stop, but its mistake did not affect defendant's substantial rights or undermine the fairness, integrity or public reputation of the trial. The government never asked a followup question on the matter and the jury was instructed not to consider it for any reason.

The questioning did not amount to "other acts" evidence, as defendant contends. It was directed to defendant's mother and her credibility. The slip about defendant's use of false identities was unfortunate but it was not an attempt to put in evidence of other bad acts by defendant and, as I have noted, the error was cured by the instruction to the jury not to consider it.

3

2. Sufficiency of the evidence

Despite defendant's arguments to the contrary, the evidence was sufficient to support his conviction. He was charged with possession of a handgun and ammunition found in his bedroom at the Schroeder Road apartment on May 1, 2007. Not only did his probation agent testify that she was supervising him at the apartment as of May 2007, but she testified that she had conducted at least one home visit there, that defendant had never notified her of any change of address and that he had signed offender reports in September 2004, November 2005, January 2006, December 2006 and January 2007, showing his address as 6809 Schroeder Road, Apt. 3. In addition, at the time of the search, law enforcement officers recovered documents addressed to defendant in the same bedroom in the Schroeder Road apartment in which the handgun and ammunition were found. These documents were dated at various times between 2001 and December 8, 2006. In the same bedroom, the agents found prescription medicine in defendant's name dated August 2006, as well as a number of articles of men's clothing, including athletic shoes.

Defendant's evidence consisted of testimony from three witnesses that he had never lived at the Schroeder Road apartment, but had only stayed there occasionally, that he did not have a key to the apartment and that he used the apartment as a mail drop. His mother admitted that defendant kept clothes in the apartment but she said he did so only because he showered there upon occasion. The jury could have believed defendant's witnesses but

4

chose instead to credit the government's witnesses and evidence. The evidence was sufficient to support its decision to do so.

ORDER

IT IS ORDERED that defendant John High's motion for judgment of acquittal is DENIED in all respects. Sentencing is rescheduled for 1:20 p.m., on April 9, 2008. If defendant wishes to submit additional objections to the presentence report, he is to do so no later than March 24, 2008.

Entered this 17th day of March, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge